IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS

DEBORAH HOBBY,

                    Plaintiff,

v.                                                    Case No.14-1313 -JTM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security

                    Defendant.


## MEMORANDUM AND ORDER

        Plaintiff Deborah Hobby seeks review of a final decision by defendant,

the Commissioner of Social Security ("Commissioner"), denying her

application for disability benefits under Titles II and XVI of the Social

Security Act ("the Act"). Plaintiff alleges that the Commissioner erred in

determining that she can perform light work because the Administrative Law

Judge ("ALJ") did not properly weigh medical opinions, did not reasonably

determine her residual functional capacity ("RFC"), and did not adequately

explain his RFC determination. As discussed below, the Commissioner's

decision is affirmed.

## I. Background

        Plaintiff protectively filed for disability benefits on December 27, 2012.

Her application was denied initially on March 20, 2013, and upon

reconsideration on August 1, 2013. She filed a request for a hearing before an

ALJ on September 13, 2013. Plaintiff appeared at a hearing before an ALJ on April 22, 2014.

On May 30, 2014, the ALJ determined that (1) plaintiff met the insured status requirements of the Act; (2) she has not engaged in substantial gainful activity since December 3, 2012; (3) plaintiff suffers from the severe impairments of seizure disorder, fibromyalgia, and affective disorder; (4) she does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment; (5) plaintiff has the RFC to perform a range of light work with certain physical and mental limitations; and (6) she is capable of performing past relevant work and other work not precluded by her RFC limitations. (Dkt. 9-3, at 14-36). The ALJ thus found that plaintiff was not disabled under the Act.

The Appeals Council denied plaintiff's request for a Review of Decision on June 13, 2014, and again upon second request on July 29, 2014. Plaintiff timely filed this appeal.

## II. Legal Standard

### A. Disability Determinations

An individual is disabled under the Act only if she can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)). This

impairment "must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience." *Barkley v. Astrue*, 2010 U.S. Dist. LEXIS 76220, at *3 (D. Kan. July 28, 2010) (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002)).

Pursuant to the Act, the Social Security Administration has prescribed a five-step sequential analysis to determine whether disability existed between the time of claimed onset and the date the claimant was last insured under the Act. *Wilson*, 602 F.3d at 1139; 20 C.F.R. § 404.1520(a)(4). If the trier of fact finds at any point during the five steps that the claimant is disabled or not disabled, the analysis stops. *Reyes v. Bowen*, 845 F.2d 242, 243 (10th Cir. 1988). The first three steps require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe or combination of severe impairments; and (3) whether the severity of those impairments meets or equals a listed impairment. *Wilson*, 602 F.3d at 1139 (citing *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)). If the impairments do not meet or equal a designated listing in step three, the Commissioner then assesses the claimant's RFC based on all medical and other evidence in the record. 20 C.F.R. § 404.1520(e). RFC is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from her impairments." *Barkley*, 2010 U.S. Dist. LEXIS 76220, at

*5; *see also* 20 C.F.R. §§ 404.1520(e), 404.1545. "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The Commissioner then proceeds to step four, where the RFC assessment is used to determine whether the claimant can perform past relevant work. *Lax*, 489 F.3d at 1084; 20 C.F.R. § 404.1520(e). The claimant bears the burden in steps one through four of proving disability that prevents performance of her past relevant work. 42 U.S.C. § 423(d)(5)(A); *Lax*, 489 F.3d at 1084.

If a claimant meets the burdens of steps one through four, "the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy, given [her] age, education, and work experience." *Lax*, 489 F.3d at 1084 (brackets omitted).

## B. Standard of Review

This court reviews the ALJ's decision under 42 U.S.C. § 405(g) to "determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (citation omitted). "Substantial evidence requires more than a scintilla but less than a preponderance." *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)

(citation omitted). The court's role is not to "reweigh the evidence or substitute its judgment for the Commissioner's." *Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir. 2008). The possibility that two inconsistent conclusions may be drawn from the evidence does not preclude a finding that the Commissioner's decision was based on substantial evidence. *Zolantski*, 372 F.3d at 1200.

## III. Analysis

Plaintiff argues that (1) the ALJ failed to adequately explain the weight given to opinions of Ramani Maddali, M.D., and Leslie Mack, A.P.R.N. and (2) the RFC is not supported by substantial evidence in the record or a sufficient narrative.

## A. The ALJ adequately explained the weight given to Dr. Maddali and Mack's opinions.

The ALJ determines RFC by evaluating a claimant's impairments that are "demonstrable by medically acceptable clinical and laboratory diagnostic techniques," then weighing evidence to determine the nature and severity of those impairments. 20 C.F.R. §§ 404.1527(a), 416.927(a). Such evidence may include medical opinions, other opinions, and a claimant's subjective complaints. *Id.*; *see also Poppa v. Astrue*, 569 F.3d 1167, 1170-71 (10th Cir. 2009).

Statements from physicians are considered "medical opinions" for the RFC determination. 20 C.F.R. §§ 404.1527(a), 416.927(a). Medical opinions are weighed by evaluating all relevant factors including: (1) the length,

nature, and extent of any examining or treatment relationship; (2) whether the opinion source presents supporting evidence, such as medical signs and laboratory results; (3) how well the source explains the opinion; (4) whether the opinion is consistent with the record; (5) whether the source has specialty related to the claimant's impairments; and (6) all other relevant factors of which the ALJ is aware that may bear on what weight should be given to a medical opinion. 20 C.F.R. §§ 404.1527, 416.927; *see Knight ex rel P.K. Colvin*, 756 F.3d 1171, 1176-77 (10th Cir. 2014). "[T]he ALJ must give good reasons in the notice of determination or decision for the weight he ultimately assigns the opinion." *Knight*, 756 F.3d at 1177 (quoting *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003)).

### 1. The ALJ adequately explained the weight given to Dr. Maddali's opinion.

Dr. Maddali began treating plaintiff for psychiatric issues on February 4, 2013. A treating physician's statement is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (quoting SSR 96-2p, 1996 WL 374188, at *2). If the treating physician's statement is not well-supported or is otherwise inconsistent with substantial evidence on record, then it is not entitled to controlling weight and is weighed as any other medical opinion. *Id.*

The ALJ considered Dr. Maddali's opinion dated September 25, 2013, and assigned it partial weight. (Dkt. 9-3, at 27). He cited a lack of supporting

medical signs in treatment notes, inconsistency between the opinion and the record as a whole regarding plaintiff's limitations, and that some of the opinion is based on plaintiff's subjective complaints. *Id.*

Dr. Maddali opined that plaintiff has marked limitations in her ability to work with others without being distracted by them and moderate limitations in her ability to understand and remember detailed instructions, carry out detailed instructions, maintain attention and concentration for extended periods, perform activities within a schedule and maintain regular attendance with punctuality, sustain ordinary routine without supervision, make simple work-related decisions, complete a normal workweek without interruption from her psychological symptoms, interact appropriately with the general public, accept instruction and criticism, get along with co-workers, maintain socially appropriate behavior and basic standards of neatness and cleanliness, respond appropriately to changes in the work setting, travel to unfamiliar places or use public transportation, and set realistic goals or make plans independently. (Dkt. 9-8, at 226-28).

The record shows that Dr. Maddali treated plaintiff on February 4, 2013, March 4, 2013, May 1, 2013, and September 19, 2013. (Dkt. 9-8, at 167-69, 198). Treatment notes from September are not in the record. The treatment notes from the other visits do not mention inability to concentrate, interact with society, remember or execute instructions, travel, make plans, or maintain cleanliness. Instead, the notes record that plaintiff presented

casually dressed, coherent, appropriately behaved, and well-oriented. Dr. Maddali's opinion on these issues is thus not supported by medical signs and laboratory results, nor is it otherwise well-supported by the record.

Dr. Maddali's treatment note from February 2013 states that plaintiff traveled to Miami to place her grandmother in a nursing home, indicating that she can plan and travel on her own. (Dkt. 9-8, at 168-69). This medical record is thus inconsistent with Dr. Maddali's opinion that plaintiff cannot "make plans independently" or "use public transportation." (Dkt. 9-8, at 226-28). Plaintiff's other psychiatric and physical treatment records likewise do not support the limitations opined by Dr. Maddali. (Dkt. 9-8, at 232-58).

The ALJ discussed these inconsistencies and thus provided good reasoning for giving Dr. Maddali's opinion only partial weight.

Dr. Maddali submitted a second opinion dated December 19, 2013, opining that it would be difficult for plaintiff to sustain full-time employment. (Dkt. 9-8, at 231). Determinations of an individual's RFC are reserved to the Commissioner. SSR 96-5p, 1996 WL 374183 (July 2, 1996), at *1. Treating source opinions on such matters are "never entitled to controlling weight or special significance." *Id.* Accordingly, Dr. Maddali's conclusory opinion is weighed as any other medical opinion. The ALJ, citing SSR 96-5p, dismissed the opinion dated December 19, 2013, as asserting a conclusion regarding plaintiff's RFC, a matter reserved to the Commissioner. The ALJ thus adequately explained the reason for dismissing the opinion. Further, as with

the opinion of September 25, 2013, Dr. Maddali's second opinion is unsupported by the record or his own treatment notes.

Thus, the ALJ's decision regarding Dr. Maddali's opinions is supported by substantial evidence in the record and is adequately narrated.

### 2. The ALJ adequately explained the weight given to Mack's opinion.

Mack is a nurse practitioner who treated plaintiff beginning on May 22, 2013. (Dkt. 9-8 at 208-09). She submitted a medical opinion report on July 30, 2013. (Dkt. 9-8, at 214-21).

Nurse practitioners are not considered "acceptable medical sources" and their opinions are therefore not "medical source," but are "other source" opinions for determining a claimant's RFC. 20 C.F.R. § 404.1513. The factors for evaluating medical opinions can also be used to evaluate other, non-medical opinions. SSR 06-03p, 2006 WL 2329939, at *4-5 (Aug. 9, 2006). An ALJ's "explanation of the weight assigned" to an "other source" opinion must be "sufficient for [the court] to follow his reasoning." *Wells v. Colvin*, 727 F.3d 1061, 1074 (10th Cir. 2013).

The ALJ assigned Mack's July 2013 opinion partial weight, citing infrequent treatment, inconsistent underlying information on the form, and that Mack is not an acceptable medical source. (Dkt. 9-3, at 28). The ALJ also noted that Mack's notes do not indicate slowed speech, flat affect, or delayed coordination as opined. *Id.*

Mack opined that the frequency of her treatment of plaintiff was "sporadic." (Dkt. 9-8, at 214). Mack reported treating plaintiff beginning on June 12, 2012, but treatment notes from that date are not in the record. (Dkt. 9-8, at 214). Mack's only treatment notes in the record are from May 22, 2013, when plaintiff presented with back pain. (Dkt. 9-8, at 208). Mack noted that plaintiff displayed slightly slurred speech, but did not note a flat affect, delayed coordination, or any of the other limitations described in her opinion. Accordingly, Mack's July 30, 2013, opinion is not well-supported by her treatment notes and is inconsistent with the record concerning the timeframe of her treatments. The ALJ's decision to give Mack, a non-medical source, partial weight is supported by substantial evidence and he explained his determination in a manner "sufficient for the court to follow his reasoning." *Wells*, 727 F.3d at 1074.

Mack also submitted a letter dated April 2014, opinion that plaintiff will never be capable of maintaining employment in the future. (Dkt. 9-8, at 279, 440). The ALJ dismissed this opinion letter, citing the same reasons as for Dr. Maddali's conclusive opinion letter dated December 19, 2013. The ALJ adequately explained giving the letter no weight.

Accordingly, the ALJ's assignment of weight to Mack's opinions is supported by substantial evidence in the record and sufficient narrative.

**B. The ALJ reasonably found plaintiff capable of a range of light work.**

Each RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts" and nonmedical evidence relied on by the ALJ. SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). The narrative must address why the alleged symptom-related limitations are or are not consistent with objective medical evidence and other evidence. *Id.* The narrative should address the claimant's remaining exertional capabilities, considering each of the seven strength demands separately. *Southard v. Barnhart*, 72 F. App'x 781, 784 (10th Cir. 2003) (citing SSR 96-8p, 1996 WL 374184, at *3-4). "The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." SSR 96-8p, 1996 WL 374184, at *7.

The ALJ assigned plaintiff the following RFC:

> After careful consideration of the entire record, the undersigned finds that [plaintiff] has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) in that [she] has the ability to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk about 6 hours in an 8-hour workday, sit about 6 hours in an 8 hour workday, unlimited limitations in push and/or pull, other than shown for lift and/or carry. [Plaintiff] can occasionally climb ramps and stairs, but must never climb ladders, ropes and scaffolding and can occasionally balance, stoop, kneel, crouch or crawl. [Plaintiff] must avoid concentrated exposure to extreme temperatures and vibration and must avoid all exposure to working around unprotected heights, dangerous moving machinery and operating motor vehicles. The claimant can perform simple and intermediate tasks, occasionally interact with supervisors, infrequently and incidentally interact with

coworkers, in that she need not listen or interact with coworkers to perform job tasks and not interact with the public and miss work 10-12 times a year.

(Dkt. 9-3, at 21).

The ALJ then discussed the RFC determination over the span of nearly eight pages of the decision. He noted that plaintiff suffers from seizure disorder, fibromyalgia, and depressive disorder. Citing and discussing plaintiff's physical and mental health treatment records, the ALJ observed that the objective evidence does not indicate that these impairments limit plaintiff to less than light work. (Dkt. 9-3, at 22-27). The ALJ further discussed plaintiff's extensive treatment notes indicating successful treatment of her symptoms with medication. *Id.* The ALJ cited the record extensively, noting that plaintiff's physical exam notes and medical imaging consistently indicate normal results. *Id.* The RFC determination is supported by substantial evidence in the record. Moreover, the ALJ discussed the medical and opinion evidence extensively, explaining why it supported his RFC finding but did not support a greater finding. The RFC determination is thus also supported by a sufficient narrative.

IT IS ACCORDINGLY ORDERED this 31st day of August, 2015, that the Commissioner's decision is AFFIRMED.

s\_____ J. Thomas Marten_
J. THOMAS MARTEN, JUDGE